IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL DASEAN ROBINSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:22-CV-890-A |
| | § | (NO. 4:19-CR-098-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Dasean

Robinson, movant, under 28 U.S.C. § 2255 to vacate, set aside,

or correct sentence by a person in federal custody. The court,

having considered the motion, the response, the reply,[1] the

record, including the record in the underlying criminal case,

and applicable authorities, finds that the motion must be

denied.

I.

## Background

The record in the underlying criminal case reflects the

following:

On April 3, 2019, movant was named in a one-count

information charging him with conspiracy to possess with intent

to distribute 100 grams or more of a mixture and substance

---

[1] The court has considered the reply even though it greatly exceeds the applicable page limitation. See Local Civil Rule LR 7.2(c). However, the court is not considering arguments made for the first time in the reply.

containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc.[2] 15. On April 12, 2019, movant and his attorney appeared before the court for arraignment. CR Doc. 21. Movant and his attorney signed a waiver of indictment, CR Doc. 22, and a factual resume. CR Doc. 23. The factual resume set forth the charge, the maximum penalty movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 23. Movant testified under oath that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment would be at least five years and could be as much as forty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information and waived the return of an indictment; he had

---

[2] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-098-A.

read and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 67.

The probation officer prepared the PSR, which reflected that movant's base offense level was 28. CR Doc. 26, ¶ 28. He received a two-level increase for possession of firearms, id. ¶ 29, a two-level increase for maintaining a drug premises, id. ¶ 30, and a two-level increase for being an organizer, leader, manager, or supervisor. Id. ¶ 32. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 36, 37. Based on a total offense level of 31 and a criminal history category of IV, movant's guideline imprisonment range was 151 to 181 months. Id. ¶ 88. The PSR also included a discussion of factors that might warrant upward departure and factors that might warrant a sentence outside the guideline system. Id. ¶¶ 102-05. Movant filed objections, CR Doc. 28, and the probation officer prepared an addendum to the PSR, CR Doc. 31, and a second addendum. CR Doc. 35. Movant filed objections to the addendum. CR Doc. 38.

On September 26, 2019, the court sentenced movant to a term of imprisonment of 340 months, an upward variance. CR Doc. 59. Among other things, the court noted that movant had been

3

operating a superstore of drugs over a number of years,
encouraging people to refer others to him to obtain drugs that
had the potential to cause death in almost every instance. CR
Doc. 68 at 97-98. Movant also had a very serious criminal
history. Id. at 98-103. The drugs movant had provided caused the
deaths of two persons. Id. at 103. Movant appealed. CR Doc. 61.
The judgment was affirmed. United States v. Robinson, 843 F.
App'x 607 (5th Cir. 2021). His petition for writ of certiorari
was denied. Robinson v. United States, 142 S. Ct. 297 (2021).

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, all
based on alleged ineffective assistance of counsel. First, he
would not have pled guilty but for counsel's bad advice. Doc.[3] 1
at PageID[4] 4; Doc. 2 at 3-11. Second, movant's counsel failed to
object to statements of a witness who was unavailable to
testify. Doc. 1 at PageID 5; Doc. 2 at 12-21. And, third,
counsel failed to present any objection to the drug quantity set
forth in the PSR and adopted by the court. Doc. 1 at PageID 7;
Doc. 2 at 21-27.

---

[3] The "Doc. ___" reference is to the number of the item on the docket in this civil action.
[4] The "PageID ___" reference refers to the page number assigned by the court's electronic filing system and is used because the printed page number on the form used by movant is not the actual page number.

III.

Applicable Legal Standards

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted. United States v. Frady, 456 U.S.
152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-
32 (5th Cir. 1991). A defendant can challenge his conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for
the first time on collateral review without showing both "cause"
for his procedural default and "actual prejudice" resulting from
the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer
trial errors. It is reserved for transgressions of
constitutional rights and other narrow injuries that could not
have been raised on direct appeal and would, if condoned, result
in a complete miscarriage of justice. United States v. Capua,
656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other
words, a writ of habeas corpus will not be allowed to do service
for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);
United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).
Further, if issues "are raised and considered on direct appeal, a

5

defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome

a strong presumption that his counsel's conduct falls within the

wide range of reasonable professional assistance. Strickland,

466 U.S. at 689. Simply making conclusory allegations of

deficient performance and prejudice is not sufficient to meet

the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th

Cir. 2000).

IV.

Analysis

In support of his first ground, movant alleges that his

counsel promised him that if he pled guilty to the information,

"the government could not and would not use the deaths of B.F.

and R.B. in sentencing [movant]." Doc. 1 at PageID 4. He also

refers to this as a verbal promise from the government not to

use the deaths in sentencing. Doc. 2 at 3. He additionally

complains that counsel did not object to the determination in

the PSR that movant was responsible for the two deaths. Nor did

counsel object to the government's motion for an upward

departure or variance. Doc. 1 at PageID 4. In sum, he says

counsel was deficient in two ways: (1) failing to object to the

use or consideration of the two deaths for sentencing purposes

based on the agreement from the government, and (2) failing to

7

file a motion to withdraw the guilty plea based on the breach of

the verbal agreement by the government. Doc. 2 at 3.

The allegation that the government promised or had an

agreement that movant would not be held responsible for the two

deaths or that his counsel made such a promise to induce him to

plead guilty is belied by the record. Movant testified under

oath at arraignment that he understood that: he should not

depend or rely on any statement or promise by anyone as to what

penalty would be assessed against him; the court was not bound

by facts that were stipulated by the parties and could impose

punishment that might disregard any stipulated facts or take

into account facts not mentioned in the stipulated facts; he

faced a maximum sentence of forty years; and, he would still be

bound by his guilty plea even if his sentence was higher than

anticipated. He further testified that he did not have any deal,

understanding, or agreement of any kind, either directly or

through his attorney, with the government and no one had used

any force or made any promise or assurance of any kind to induce

him to enter a plea of guilty. CR Doc. 67. "Solemn declarations

in open court carry a strong presumption of verity." Blackledge

v. Allison, 431 U.S. 63, 74 (1977). The factual resume,

reflecting that movant was subject to a forty-year term of

imprisonment, is likewise entitled to the presumption. United

8

States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v.

Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985).

For a defendant who seeks habeas relief on the basis of

alleged promises inconsistent with representations he made in

open court when entering his plea of guilty to prevail, he must

prove: "(1) the exact terms of the alleged promise, (2) exactly

when, where, and by whom the promise was made, and (3) the

precise identity of the eyewitness to the promise." United States

v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be

entitled to an evidentiary hearing, the defendant must produce

"independent indicia of the likely merit of [his] allegations,

typically in the form of one or more affidavits from reliable

third parties." Id. "If, however, the defendant's showing is

inconsistent with the bulk of [his] conduct or otherwise fails

to meet [his] burden of proof in the light of other evidence in

the record, an evidentiary hearing is unnecessary." Id. See also

United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

Movant's guilty plea was knowing and voluntary and made with

sufficient awareness of the relevant circumstances and likely

consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Movant has failed to provide any independent evidence in support

of any of his contentions that are at variance with the

9

statements he made, or the answers he gave, while under oath at the arraignment hearing.

In support of his second ground, movant alleges that counsel was ineffective during sentencing because he failed to object to the court's reliance on statements of a witness who was unavailable to testify. Doc. 1 at PageID 5. He recognizes that counsel objected to the upward variance based on the deaths, but contends that counsel should have objected on confrontation clause grounds. Doc. 2 at 12. He refers to Crawford v. Washington, 541 U.S. 36 (2004), Doc. 2 at 15, but the Fifth Circuit has clearly held that there is no Crawford violation when hearsay testimony is used at sentencing as opposed to trial. United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006). Hearsay is admissible for sentencing purposes. United States v. Young, 981 F.2d 180, 187 (5th Cir. 1992). A defendant's confrontation rights at sentencing are severely restricted. Id. at 188. Due process merely requires that the information relied upon have some minimal indicium of reliability and bear some rational relationship to the decision to impose the particular sentence. Id. at 187. Here, movant had notice of the evidence and of the court's intent to vary significantly. CR Docs. 50, 51, 53. Movant had a full opportunity to make his objections known and to present evidence

10

in support of his position and did so. CR Doc. 68. In fact, the
sentencing was twice continued for his convenience. CR Docs. 41,
47.

Even if counsel's representation was somehow defective, and
it was not, movant could not establish prejudice in any event.
Movant was held accountable for the deaths of two persons: B.F.,
who died from heroin movant supplied, and R.B., who committed
suicide after his girlfriend, B.F., died. The undersigned stated
at sentencing that the sentence was the one he would impose even
had he not made a finding of causation between R.B.'s suicide
and the heroin movant supplied. The Fifth Circuit determined
that the sentence imposed was appropriate. Robinson, 843 F.
App'x 610.

Finally, in support of his third ground, movant contends
that his counsel was ineffective in failing to object to the
drug quantity determination as set forth in the PSR. Doc. 1 at
PageID 7. To prevail, movant must show that the information
relied upon by the court was materially untrue. United States v.
Valencia, 44 F.3d 269, 274 (5th Cir. 1995); United States v.
Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). This he has not
done. Mere objections do not suffice as competent evidence.
United States v. Dinh, 920 F.3d 307, 314 (5th Cir. 2019). Even
if investigators did not specifically corroborate statements of

11

a co-conspirator, the movant must still show that it was implausible that the statements were accurate. United States v. Kearby, 943 F.3d 969, 975 (5th Cir. 2019). That is, a fact finding is not clearly erroneous as long as it is plausible in light of the record as a whole. United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). The record supports the calculation of drugs attributable to movant. Moreover, and in any event, movant's sentence was not so much based on the quantity of drugs he sold; rather, the court determined that the guideline range vastly understated the seriousness of movant's conduct, including causing the death of B.F.[5] There is simply no reason to believe, and movant cannot demonstrate, that had his counsel objected to the drug-quantity calculation, the outcome of the proceedings would have been different. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

---

[5] Other examples of movant's conduct—including brutally beating a pregnant woman who then suffered a miscarriage— are set forth in the appellate opinion. See Robinson, 843 F. App'x at 609.

Proceedings for the United States District Courts, and 28 U.S.C.
§ 2253(c)(2), for the reasons discussed herein, the court further
ORDERS that a certificate of appealability be, and is hereby,
denied, as movant has not made a substantial showing of the
denial of a constitutional right.

SIGNED December 21, 2022.

_____
JOHN McBRYDE
Senior United States District Judge

13